IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DEER VALLEY RESORT COMPANY, LP,** | |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| **CHRISTY SPORTS, LLC,** | Case No. 2:07-CV-00904DAK |
| Defendant. | Judge Dale A. Kimball |

This matter is before the court on Plaintiff Deer Valley Resort Company LP's (Deer Valley) Motion for Preliminary Injunction and Defendant Christy Sports, LLC's (Christy) Motion to Dismiss Or to Stay for Future Consolidation. The court held a hearing on the motions on December 12, 2007. At the hearing, Gordon Strachan and Kevin J. Simon represented Plaintiff Deer Valley and Thomas P. McMahon and Steven G. Loosle represented Defendant Christy. The court took the matter under advisement. Now, having carefully considered the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion, and having determined that diversity between the parties is complete and federal jurisdiction appropriate, the court renders the following Memorandum Decision and Order.

## BACKGROUND

In January 1990, Deer Valley sold to S.Y. and Betty Kimball by means of a special warranty deed (the Deed) certain real property located at the Deer Valley Resort in Park City, Utah (the Property).  Provisions of the Deed expressly prohibit use of the Property for real estate sales offices or ski rentals without Deer Valley's written consent.  Specifically, the Deed states that "No portion of said Commercial Units nor any other portion of the . . . [P]roperty may be utilized for ski rental or real estate sales office . . . purposes nor shall any ski rentals be made or arranged thereon without the advance written consent of Seller."  The Deed further provides that all restrictions on the Property "are and shall be deemed to be covenants running with the title of [p]urchasers in and to the . . . [P]roperty" and that no parties shall use the Property for any deed restricted purpose.

In November 1990, the Kimballs leased space on the Property to a corporation doing business as Christy.  Like the Deed, the lease prohibited use of the Property for real estate sales or ski rental purposes.

In advance of the 1991-1992 ski season, Christy asked Deer Valley for permission to add a ski rental operation.  Deer Valley consented to the ski rental operation but required that Christy pay 15% of its collected rental revenues to Deer Valley.  Christy paid Deer Valley the requested fee for the 1991-1992 season.

Prior to the 1992-1993, the 1993-1994, and the 1994-1995 ski seasons, Deer Valley gave its express consent to Christy to run a ski rental operation in return for 15% of Christy's collected rental revenues. Following the 1994-1995 season, the parties did not renew their agreement to permit rental ski operations on the Property.  Although Christy continued, and has

continued to this day, to run a rental ski operation on the Property, Deer Valley has not collected 15% of Christy's rental revenues since the 1994-1995 ski season.

In November 1998, Christy entered into a new lease with the Kimballs as to the Property. Like the earlier lease, the 1998 lease contained a provision prohibiting the use of the Property for real estate sales or ski rentals.

In August 2005, over ten years after Deer Valley apparently stopped collecting rental revenue from Christy, Deer Valley informed Christy that it was revoking its consent for Christy's rental ski operations on the Property. Deer Valley informed Christy that the effective date of revocation was May 1, 2006.

In November 2006, Christy filed suit against Deer Valley in federal district court, alleging violations of federal antitrust law and Utah common law (the Christy Action). In August 2007, this court dismissed the Christy Action, rejecting the application of antitrust laws and declining to exercise supplemental jurisdiction. Christy appealed the dismissal to the Tenth Circuit Court of Appeals.

On November 20, 2007, Deer Valley filed the current action on grounds of diversity jurisdiction, requesting a declaratory judgment that the Deed restriction against rental ski operations on the Property is valid and enforceable against Christy. In its complaint, Deer Valley also requested injunctive relief. On the same day it filed its complaint, Deer Valley moved for a preliminary injunction to prohibit Christy from renting skis on the Property.

On December 11, 2007, Christy filed a motion to dismiss or to stay in order to consolidate the current case and the Christy Action, currently on appeal before the Tenth Circuit.

## DISCUSSION

I. Preliminary Injunction

Deer Valley moves for a preliminary injunction to prohibit Christy from running a ski rental operation on the Property. In determining Deer Valley's right to injunctive relief, the court applies federal standards. *See Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1361 (10th Cir. 1990) (holding that in diversity cases a federal court must apply federal standards to preliminary injunctive relief). Federal courts regard a preliminary injunction as "'an extraordinary remedy'" and thus require that the right to relief be "'clear and unequivocal.'" *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir. 2004) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

> [T]o obtain a preliminary injunction, the moving party must establish four factors: (1) it will suffer irreparable harm if the injunction is not granted, (2) its threatened injury outweighs the harm caused to the opposing party as a result of the injunction, (3) the injunction is not adverse to the public interest, and (4) it has a substantial likelihood of success on the merits.

*Id.* at 1260. "It is the movant's burden to establish that each of these factors tips in his or her favor." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188-89 (10th Cir. 2003). Furthermore, courts have long ruled that "'[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered.'" *Dominion Video*, 356 F.3d at 1260 (alteration in original) (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)).

Demonstrating irreparable harm is not a facile task. *See id.* at 1262 (explaining that

irreparable harm is not "'an easy burden to fulfill'" (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003))). "To constitute irreparable harm, an injury must be certain, great, actual[,] 'and not theoretical.'" *Heideman*, 348 F.3d at 1189 (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). "Irreparable harm is not harm that is 'merely serious or substantial.'" *Id*. (citation omitted). Typically, irreparable harm exists where monetary compensation is insufficient for resulting damages or monetary damages are difficult to calculate. *See Close to My Heart, Inc. v. Enthusiast Media LLC*, 508 F. Supp. 2d 963, 970 (D. Utah 2007); *see also Heideman*, 348 F.3d at 1189; *Greater Yellowstone*, 321 F.3d at 1258.

Concerning irreparable harm, Deer Valley contends that Christy's violation of the Deed's restrictive covenant prohibiting ski rental sales without Deer Valley's consent constitutes irreparable harm per se and necessitates a grant of injunctive relief. Deer Valley claims that the harm to Deer Valley is irreparable per se because of the unique character of its property interests and because damages to Deer Valley from Christy's continued ski rental sales are difficult to calculate. Deer Valley provides no federal law to support its assertion of irreparable harm per se, but instead relies on several state cases, such as *Persimmon Hill First Homes Ass'n v. Lonsdale*, 75 P.3d 278, 283 (Kan. Ct. App. 2003). In *Persimmon*, the Kansas Court of Appeals stated that

> The injury sustained by the violation of . . . covenants is inherently irreparable in nature; i.e., one can generally never achieve a full, complete, and adequate remedy of the breach of restrictive covenants through recovery of calculable money damages. . . . Courts in other jurisdictions have specifically held . . . that the damage incident to any such breach is generally incapable of monetary valuation, and thus irreparable per se.

*Id*. at 283.

Christy challenges Deer Valley's contention of irreparable harm, arguing that Deer Valley has failed to meet its burden because Deer Valley has failed to allege, much less demonstrate, any injury in fact and has failed to evidence why money damages are insufficient or difficult to calculate.  In contrast, Christy maintains that money damages are in fact easily identifiable and calculable because Christy's rental revenues are objectively determinable and any ski rental transaction that Christy conducts deprives Deer Valley, or a third ski rental entity not involved in the current litigation, of rental profits.  Christy also argues that Deer Valley's decision not to file a preliminary injunction until two years after expressly revoking its consent to Christy's rental operations undermines any claim by Deer Valley of irreparable harm.

The court agrees with Christy that Deer Valley has failed to sufficiently demonstrate that Christy's continued ski rental operations will irreparably harm Deer Valley.  First, as earlier noted, the court applies federal law to preliminary injunction proceedings, *see Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1361 (10th Cir. 1990), and Deer Valley has failed to cite any federal law to support application of a per se irreparable harm rule in this case.  Furthermore, at least one federal circuit has appeared to expressly reject such a rule.  For instance, in *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4 (1st Cir. 1991), the First Circuit Court of Appeals held that "'[r]eal estate has long been thought unique. . . .  Be that as it may, irreparable harm is not assumed; it must be demonstrated.  And even where real property is involved, 'speculative injury does not constitute a showing of irreparable harm.'"  *Id*. at 6-7 (first and third alterations in original) (citation omitted); *see also Pub. Serv. Co. of N.H. v. Town of W. Newbury*, 835 F.2d 380, 381 (1st Cir. 1987) (rejecting claim that "any restraint on any interest in real property is per se irreparable injury" and explaining that "[t]his argument confuses permanent alienation or

destruction of real property, which is incapable of being reconveyed or restored, with a temporary action subject to reversal with compensation for loss suffered during the period of deprivation").

Second, because Deer Valley relies solely on the per se rule to satisfy the irreparable harm factor, Deer Valley makes no allegations or provides no evidence of actual harm and offers no support for why damages to Deer Valley are insufficient and incalculable. Again, it is Deer Valley's burden to demonstrate irreparable harm, and conclusory statements of purported harm are insufficient to satisfy this burden. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188-89 (10th Cir. 2003). Furthermore, the court agrees with Christy that here damages to Deer Valley are not difficult to discern because they constitute recordable lost rental profits.

Finally, courts have noted that delay in filing a motion for preliminary injunction suggests a lack of immediacy and irreparable harm. *See GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984); *see also Miller v. California Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993) ("Although '[d]elay by itself is not a determinative factor in whether the grant of interim relief is just and proper,' . . . '[the p]laintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.'" (first alteration in original) (citations omitted) ); *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) ("Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action. . . . [I]t may . . . indicate an absence of the kind of irreparable harm required to support a preliminary injunction."); *Majorica, S.A. v. R.H. Macy & Co.*, 762 F.2d 7, 8 (2d Cir. 1985) ("Lack of diligence, standing alone, may . . . preclude the

7

granting of preliminary injunctive relief, because it goes primarily to the issue of irreparable harm."). Here, the court concurs with Christy that Deer Valley's decision to delay filing its Motion for a Preliminary Injunction for approximately two years in total, and one year—and one ski season—after it learned that Christy had no plans to discontinue its ski rental operations, undercuts Deer Valley's current assertion for urgency and irreparable harm.

In sum, the court concludes that Deer Valley has failed to demonstrate irreparable harm. Because of this failure, the court need not address the remaining preliminary injunction factors, *see Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004), and denies Deer Valley's request for injunctive relief.

## II.  Motion to Dismiss Or Stay The Proceedings

Christy moves to dismiss Deer Valley's Complaint or, in the alternative, stay the proceedings for future consolidation. Specifically, Christy argues that Deer Valley's action constitutes a compulsory counterclaim and thus Federal Rule of Civil Procedure "13(a) requires [Deer Valley's] complaint . . . be dismissed or, in the alternative, stayed in order [to] ultimately . . . be consolidated with [the Christy Action]" now on appeal in the Tenth Circuit. In support of its Motion to Dismiss Or to Stay for Future Consolidation, Christy relies on language from *Cyrus Corp. v. Whitman*, 93 F.R.D. 598 (S.D.N.Y. 1982), in which the court stated that, "[w]here a party institutes a second action based upon a compulsory counterclaim in a still pending action, courts can use the procedural devices of . . . stay and consolidation to avoid multiple litigation and to effectuate the [r]ule." *Id.* at 604-05; *see also* 6 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1418 ("Ideally, once a court becomes aware that an action

on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action.").

In response, Deer Valley avers that Christy's Motion to Dismiss Or Stay The Proceedings is baseless because Christy did not file a valid pleading in the Christy Action that necessitated Deer Valley filing a counterclaim under rule 13(a).  In response to Christy's Complaint in the Christy Action, Deer Valley filed a 12(b)(6) motion to dismiss for failure to state a claim.  The federal district court granted Deer Valley's motion to dismiss.  Thus, Deer Valley maintains that because it did not file a responsive pleading and the court granted its motion dismiss, rendering any responsive pleadings unnecessary, Deer Valley was not required to file a counterclaim in the Christy Action.

The court agrees.  Federal Rule of Civil Procedure 13(a) states that "[a] pleading shall state as a counterclaim any claim which at the time of [service] . . . the pleader has against any opposing party."  Fed. R. Civ. P. 13(a).  It is well established that "a motion to dismiss is not deemed a responsive pleading."  *Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989).  Accordingly, courts have held that when a defendant moves to dismiss the complaint in lieu of a responsive pleading, rule 13(a)'s compulsory counterclaim requirement does not kick in while the motion is pending.  *See United States v. Snider*, 779 F.2d 1151, 1157 (6th Cir. 1985).  Furthermore, if the motion to dismiss is ultimately successful, rule 13(a) does not bar a defendant from asserting compulsory counterclaims in a later action.  *See Lawhorn v. Atl. Ref. Co.*, 299 F.2d 353, 356-57 (5th Cir. 1962).

Thus, because Deer Valley did not file a responsive pleading in the Christy Action and

instead successfully moved to dismiss Christy's claims, rule 13(a)'s compulsory counterclaim requirement did not initiate with regard to the Christy Action, and Deer Valley is not precluded from commencing the instant action.  The court therefore denies Christy's Motion to Dismiss Or Stay The Proceedings.

## CONCLUSION

Deer Valley's Motion for Preliminary Injunction is DENIED.  Christy's Motion to Dismiss Or Stay The Proceedings is also DENIED.

DATED this 21st day of December, 2007.

BY THE COURT:

_____

DALE A. KIMBALL

United States District Judge