IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEER VALLEY RESORT COMPANY, a Utah Limited partnership, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> CHRISTY SPORTS, LLC, a Colorado limited liability company, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PERMANENT INJUNCTION** <br><br><br><br><br> Case No. 2:07-cv-904-CW |

Now before the court are cross motions for summary judgment filed by Plaintiff Deer Valley Resort Company and Defendant Christy Sports LLC. At issue is Deer Valley's prayer for a permanent injunction to enforce a negative restrictive covenant that prohibits Christy Sports from renting skis at one of its stores within the Deer Valley resort.[1]

A hearing was held on these motions on March 19, 2010. At that hearing, the court GRANTED Deer Valley's motion and DENIED Christy Sports' motion. In support of these conclusions, the court entered detailed findings and reasoning into the record. The purpose of

---

[1] Christy Sports also filed a counterclaim for interference with business relations, but agreed to dismiss that claim as part of the briefing on these motions.

this written order is to summarize the court's findings and reasoning and to reduce the terms of the permanent injunction into a written order.[2]

**Background**

On January 8, 1990, Deer Valley sold property to S.Y. and Betty Kimball by Special Warranty Deed. The property is located mid-mountain on the slope of the Deer Valley Resort, and its exact description is contained at on the first page of the Special Warranty Deed, which is Exhibit A to Deer Valley's memorandum in support of its motion for summary judgment. Part of the consideration for conveying the property was a 25 year deed restriction that, among other things, required Deer Valley's prior written consent for ski rental to occur on the property. Specifically, the Special Warranty Deed states that "No portion of [the property] may be utilized for ski rental . . . purposes nor shall any ski rentals be made or arranged thereon without the advance written consent of [Deer Valley]." (Special Warranty Deed, Ex. A to Deer Valley's Memo. in Support of SJ, at 4.) The Special Warranty Deed, including the restriction at issue, was recorded with the Summit County Recorders' Office on January 19, 1990.

---

[2] The court is satisfied that it has jurisdiction in this case. Deer Valley is a Utah corporation with its principal place of business in Utah. Christy Sports is a Colorado corporation with its principal place of business in Colorado. As for the amount in controversy in an action involving only injunctive and declaratory relief, the "Tenth Circuit has followed what has commonly been referred to as the 'either viewpoint rule' which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citation omitted). Here, there was evidence that several years ago, 15% of Christy Sports' ski rental income at the store in question was $15,000, putting the total of such income at $100,000. Even in a down economy, the court is satisfied that $100,00 is a reasonable estimate of Christy Sports' projected annual income at the store related to ski rental. Accordingly, given that five years remain on the covenant at issue, it will cost Christy Sports about $500,000 to comply with this injunction.

Beginning in 1990, a predecessor of Christy Sports leased the property at issue to operate a ski store. For four of those seasons from 1991 to 1995, the predecessor entity entered into a series of annual contracts with Deer Valley to rent skis at the store and pay Deer Valley a percentage of ski rental income.

In 1995, the predecessor entity merged with another company and formed Christy Sports. Stephen Smith, who oversaw the predecessor entity's store on the property and had negotiated the contracts with Deer Valley, continued in that position with Christy Sports. From 1995 to 2005, Christy Sports rented skis at the store without Deer Valley's written consent and without paying anything to Deer Valley. In 2005, Deer Valley demanded that Christy Sports stop renting skis at the store. Upon receipt of the demand, Christy Sports continued to rent skis at the store and has continued to rent skis until the present time.

In November 2007, Deer Valley filed the instant action. The complaint prays for a declaration that the restrictive covenant is valid and enforceable and a permanent injunction prohibiting Christy Sports from operating a ski rental business or renting skis on the property. In December 2009, the parties filed the instant cross motions for summary judgment. In arguing for judgment in its favor, Christy Sports raises several defenses to the enforcement of the negative restrictive covenant.

**Findings and Analysis**

The following is a short summary of court's findings and analysis, topic by topic. This discussion is meant to summarize and supplement the record of the hearing on these motions.

## I. Enforceability and Breach

Christy Sports did not argue that the restrictive covenant is facially unenforceable, or that there was anything improper about its formation. Likewise, the court's review of the record did not support either of the propositions. Accordingly, the court finds that the restrictive covenant at issue is valid and enforceable.

Moreover, Christy Sports does not contest that has been renting skis without Deer Valley's written permission as recently as this ski season. Christy Sports also asserts that it has a legal right to continue to rent skis at that location. Accordingly, the court finds that Christy Sports has breached and continues to breach the restrictive covenant at issue.

## II. Statute of Limitations

Christy Sports argues that Deer Valley's action is barred by Utah's six year statute of limitations for actions based on contract. According to Christy Sports, it was engaged in an unbroken course of conduct of renting skis without permission for twelve years before Deer Valley brought this action. Christ Sports argues that the statute ran six years after it made its first ski rental without permission. This position has no merit. Rather, Christy Sports' rental of skis was a series of recurrent violations that began a new limitations period with each rental of skis.

*Papanikolas Bros. Enters., L.C. v. Wendy's Old Fashioned Hamburgers of N.Y., Inc.*, 163 P.3d 728 (Utah Ct. App. 2007), which Christy Sports relies upon, is inapposite. In *Papanikolas Bros.*, a restrictive covenant prohibited the act of building of a restaurant containing a drive through without permission. *See id.* at 731. Nonetheless, just such a building was completed, without permission, in 1982. *See id.* When the party with rights to enforce the covenant sued to

enforce the covenant in 2004, the court found that the violation was complete in 1982. *See id.* at 733-734. On this basis, the court held that the breach action was time barred. *See id.*

In this case, unlike in *Papanikolas Bros.*, the restrictive covenant does not involve the act of constructing ski rental facilities on the property. Instead, the covenant is against the act of renting skis on the property without permission. Accordingly, each time Christy Sports acts to rent skis without permission, it is breaching the covenant. As such, the court does not consider Christy Sports' rental of skis to be a "continuing" breach, even though it has been continuous in nature. Instead, it is a series of recurring breaches. Christy Sports does not deny that it has been renting skis at the store as recently as the current ski season, obviously well within the six year period. Christy Sports' statute of limitations defense, therefore, does not succeed.

**III. Laches**

Christy Sports asserts that laches bars Deer Valley from enforcing the covenant. The parties agree that to prove laches, a party must show inexcusable delay and a resulting prejudice. Here, Christy Sports has not shown that it was prejudiced by Deer Valley's delay in enforcing the covenant. To the contrary, the facts are more consistent a finding that Christy Sports has realized a net gain from the delay, since Christy Sports collected ski rental income for 12 years without having to pay Deer Valley anything.[3]

---

[3] Moreover, because Deer Valley's filing of this action seems likely to collaterally estop Deer Valley from seeking money damages from Christy Sports in any subsequent suit, it appears that Christy Sports will not be subject to any legal action for the return of the ski rental income from 1995 to the present.

### IV. Estoppel

Christy Sports also claims that Deer Valley is equitably estopped from enforcing the covenant. The parties agree that to show estoppel, Christy Sports must show that Deer Valley failed to act consistently with its claim, that Christy Sports acted in reliance on that failure, and that Christy Sports' reliance would operate to its detriment. Here, Christy Sports has failed to show that its renting skis without permission for twelve years has worked to its detriment. Instead, as already discussed, Christy Sports has realized a net gain from doing so.

### V. Abandonment

Christy Sports contends that Deer Valley abandoned its right to enforce the restrictive covenant. To prove abandonment, Christy Sports must show that Deer Valley's failure to enforce the restrictive covenant was so severe as to defeat the covenant's purpose. *Fink v. Miller*, 896 P.2d 649, 652 (Utah Ct. App. 2001). Christy Sports has not come forward with any evidence on this issue, other than to point out Deer Valley's delay and to state that there is another store that has been renting skis that neighbors Christy Sports' store. Such evidence alone may not be reasonably relied upon to prove that Deer Valley abandoned its right to enforce the covenant.

### VI. Waiver

Finally, Christy Sports maintains that Deer Valley has waived the ability to enforce the covenant. Like laches and estoppel, proving waiver requires Christy Sports to show that it was prejudiced by Deer Valley's actions. *See Flake v. Flake*, 71 P.3d 589 (Utah Ct. App. 2003). And as explained above, Christy Sports has failed to show that it was prejudiced here.

As one final comment on Christy Sports' laches, estoppel, abandonment and waiver defenses, it must be kept in mind that they are all equitable doctrines. Under Utah law, a party seeking an equitable remedy must do so with clean hands. *See, e.g., Pledger v. Gillespie*, 982 P.2d 572, 577 (Utah 1999). The record does not support a finding that Christy Sports has come to the court with clean hands. There is no question that Stephen Smith of Christy Sports knew that Christy Sports was violating the restrictive covenant starting in 1995, and, as an officer of the company, did nothing to stop the violations on the company's behalf. Further, Christy Sports had easy access to information that it was violating the covenant even without Mr. Smith's knowledge. First, Christy Sports did not deny that it made a payment, post-merger, to Deer Valley in 1995. Moreover, the restriction was publicly recorded. Finally, the terms of Christy Sports' lease, while perhaps ambiguous in prohibiting ski rental, put Christy Sports on inquiry notice that there was some issue with ski rental.

## VII. Injunction Analysis

At the hearing on these motions, the parties ultimately agreed that the court should apply Utah substantive law to determine whether a permanent injunction should issue. This conclusion appears correct as a legal matter. *See*, *e.g.*, *Capital Tool and Mfg. Co., Inc. v. Maschinenfabrik Herkules*, 837 F.2d 171, 172 (4th Cir. 1988). Under Utah law, a showing of irreparable harm is not needed to issue a permanent injunction to enforce a restrictive covenant. *See Fink*, 896 P.2d at 654 n.8. Nonetheless, courts are given discretion to refrain from entering an injunction to enforce a restrictive covenant if the "balance of injury" weighs against it. *Crimmins v. Simonds*, 636 P.2d 478, 480 (Utah 1981). Here, the balance of the harms favors Deer Valley. While

Christy Sports will lose ski rental income and have to convert some of its space to other uses upon issuance of this injunction, the record is clear that the store is capable of creating a profit even without the rental operations. Meanwhile, if the injunction does not issue, Deer Valley will be left without the benefit of its bargain, which itself is a significant concern under Utah law. *See id.*

## Declaration and Permanent Injunction

For all of these reasons, the court issues the following declaration and permanent injunction:

1. The restrictive covenant at issue, which states that "No portion of [the property at issue] may be utilized for ski rental . . . purposes nor shall any ski rentals be made or arranged thereon without the advance written consent of [Deer Valley]" for a period of 25 years is valid and enforceable. An exact description of the property at issue, as well as the entire original text of the covenant at issue, is found in the Special Warranty Deed, Exhibit A to Deer Valley's Memorandum in Support of Summary Judgment.

2. Christy Sports has breached that covenant by renting skis at its store located on the property at issue, and has breached the covenant within the last six years.

3. Christy Sports is enjoined from utilizing any portion of the property conveyed in the Special Warranty Deed for ski rental, and from making or arranging any ski rentals thereon without the advance written consent of Deer Valley.

4. This injunction shall take effect immediately after the current ski season ends,

which the parties specified as April 11, 2010, and shall expire on January 8, 2015, the expiration of the restrictive covenant at issue.

SO ORDERED this 23rd day of March, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge