IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEER VALLEY RESORT COMPANY, a Utah Limited partnership,<br><br>      Plaintiff,<br><br><br><br>      vs.<br><br><br>CHRISTY SPORTS, LLC, a Colorado limited liability company,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:07-cv-904-CW |

Now before the court is Christy Sports' motion to modify the court's permanent injunction prohibiting Christy Sports from renting skis at its Mont Cervin store.[1] (Dkt. No. 88.) For the reasons below, this motion is DENIED.

On March 23, 2010, the court entered an injunction that bars Christy Sports from "utilizing any portion of the property conveyed in the Special Warranty Deed for ski rental, and from making or arranging any ski rentals thereon without the advance written consent of Deer Valley" until January 8, 2015. Christy Sports asks the court to modify this order to state that

---

[1] Because oral argument would not be particularly helpful in resolving this motion, the court declines to hear oral argument. *See* DUCivR 7-1(f). The stipulation to hold an expedited hearing (Dkt. No. 103) is therefore DENIED as moot.

Christy Sports is allowed to operate a demo ski program at its Mont Cervin store. Deer Valley does not object to adding to the order that a demo ski program is allowed under the court's injunction. To the contrary, Deer Valley has conceded from the outset that conducting ski rentals is different from conducting a demo ski program: Deer Valley agrees that a demo ski program is not prohibited by the restrictive covenant or the injunction. Deer Valley does, however, request that if the court modifies the injunction, the court should also define the parameters of a demo ski program to distinguish it from renting skis. Christy Sports objects to Deer Valley's proposed parameters.

## ANALYSIS

The parties agree that it is within the court's discretion to modify an order, especially if an order would clarify a restrained party's duties under an injunction. *See*, *e.g.*, *N.A. Sales Co. Inc. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2nd Cir. 1984). Courts may also modify orders under Federal Rule of Civil Procedure 59(e) to "correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1006, 1012 (10th Cir. 2000) (citation omitted). On the other hand, courts should not "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citation omitted).

Here, the court declines to modify the order for two reasons. First, the only question directly at issue in the permanent injunction stage was ski rentals. A demo ski program was addressed only secondarily. Second, the order is already clear.

## I. The Permanent Injunction Resolves the Only Issue Brought Before the Court

The only question directly presented to the court at the permanent injunction stage was

whether to enjoin ski rentals. The issue of what the details of Christy Sports' demo ski program were– or what they should or would be going forward– was never brought before the court at that time. Instead, any mention of a demo ski program by either party was made in a general sense, and was simply to affirm that conducting a demo ski program was not the same as renting skis and that a demo ski program would therefore would not be covered by the injunction.

Christy Sports argues that Deer Valley conceded that Christy Sports should be allowed to run its demo ski program at the Mont Cervin store exactly as Christy Sports has done so in the past. A review of the record does not support this argument. While Deer Valley acknowledged that Christy Sports would be allowed to run a demo ski program, it did not identify or agree to any particular form of such a program. Likewise, its is only in the context of the present motion that Deer Valley seeks a ruling that any demo ski program exceeding its proposed restrictive parameters would be a clandestine rental program. At the preliminary injunction stage, Deer Valley said nary a word about the issue.

There was nothing stopping the parties from raising the demo ski program issue in prior proceedings. And, as mentioned above, the fact that the parties both ignored this issue in prior briefing argues against issuing a modification to cover it. *See Servants of the Paraclete*, 204 F.3d at 1012. This lack of diligence by the parties is the court's primary reason for denying the present motion.

## B.     The Order is Clear

Another ground justifies a denial of the motion as well. That is, despite the parties' assertions otherwise, there is nothing about the order which is unclear. Rather, it is unmistakable

that the order prohibits Christy Sports only from renting skis at the Mont Cervin store.  Both parties have repeatedly agreed that in the ski industry, ski rentals are considered to be different than a demo ski program.  And, while it did not assent to any form of a demo ski program, Deer Valley has consistently agreed that such a program is allowed.  It is therefore already obvious from the context of the case that Christy Sports will not violate the injunction if it runs a demo ski program at the Mont Cervin store during the course of the injunction.  Accordingly, there is no need to "clarify" the injunction to permit a demo ski program, since it is already clear in allowing one.

It is worth noting in closing that as the record stands, it appears that the question of what kind of demo ski program Christy Sport may operate at the Mont Cervin store prior to 2015 will be answered in one of three possible contexts: as a negotiated settlement, during contempt proceedings in this action, or in a separate declaratory judgment action with a properly developed record.  It is up to the parties, who have already been mired in litigation for years, which path they wish to follow.

## CONCLUSION AND ORDER

For the reasons stated above:

Christy Sports' motion to alter the injunction (Dkt. No. 88) is DENIED; and

the parties's motion for an expedited hearing (Dkt. No. 103) is DENIED as moot.

SO ORDERED this 27th day of September, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge